The judgment of the court was pronounced by
Slidell, J.
The object of this suit is to make the succession of Franklin liable for the amount of a bill for bagging and rope sold by the plaintiffs to Francis Routh, and used upon a plantation owned at the time by Routh and Franklin, upon the ground that Franklin was at the time a partner of Routh, and that the goods enured to the use of the partnership.
The plaintiff propounded to the defendant, Franklin?s executor, the following interrogatories : Did not a partnership exist between Isaac Franklin and Francis Routh in the year 1835? Were they not engaged at the time in planting in partnership? Did not Francis Routh have the management and control of the plantation which they cultivated in partnership ?
The defondant answered, that Franklin was a joint owner with Routh of a plantation and slaves in 1835, but “he did not think that a partnership existed between them at that time, further than being joint owners of a plantation and slaves, if such be a partnership.” “ That to the best of his knowledge and belief said Frandlin had hired or let his share in the plantation to Routh for the sum *303 of $20,000 annually, which the said Routh was to pay the said Franklin at all events, without regal'd to the profits or the losses arising from the working of said plantation; Routh controlling and managing the plantation, bearing all expenses and receiving all the proceeds thereof, on condition of paying Franklin an annual sum without fail or contingency, but does not think that a partnership in planting existed between them, further than the arrangement stated above, if such be a partnership in planting.”
It is clear that the mere joint ownership of the plantation and slaves did not creata partnership between Franklin and Routh. C. C. 2777.
It is also clear that the agreement disclosed by the answers did not create a partnership, neither inter se nor as to third persons. There was no communion of profits. Routh was to have the entire use, management and profits of the estate, and bear its burdens; and on the other hand Franklin was to have a stipulated annual sum, unaffected either by profit or loss. Routh was the lessee, and not the partner of Franklin.
ITave these answers been contradicted? If not, the plaintiff is bound by them. We concur with the district judge in the opinion that they have not been overthrown by the other testimony in the cause. Two witnesses, to whose testimony exception was not taken, state that Franklin had asserted the existence of such an arrangement as the executor disclosed. It is said by two witnesses that it was reputed that they were planting in partnership. One of them says that this repute was general; the other, that he cannot so assert. That any thing had been said or done by the deceased to authorise such reputation does not appear. The alleged reputation seems to rest upon tho joint ownership.
It is not shown that the plaintiffs contemplated at the time the liability of Franklin, or that the goods enured to his benefit.
The judgment of the district court is therefore affirmed, with costs.